UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
DAVID M. BARBERA,

                Plaintiff,

                COMPLAINT

-against-

                '07 CIV 11281

VILLAGE OF WEST HAVERSTRAW,
MAYOR EDWARD P. ZUGIBE and
DEPUTY MAYOR JOSEPH DENISE,
in their official capacities,

                JUDGE KARAS

                Defendants.
-----------------------------------------------------------------

      Plaintiff DAVID M. BARBERA, through his attorney MICHAEL D. DIEDERICH, JR., complains of the Defendant as follows:

### THE PARTIES

      1. Plaintiff DAVID M. BARBERA is, and was at all times relevant herein, citizen of the United States and a resident of the Village of West Haverstraw, County of Rockland, State of New York.

      2. Defendant VILLAGE OF WEST HAVERSTRAW (hereinafter "defendant"), upon information and belief, is and at all times relevant herein was and is a municipal corporation organized and existing under the laws of the State of New York.

      3. Defendant EDWARD P. ZUGIBE (hereinafter "Mayor"), upon information and belief, is and was at all times relevant herein the duly elected mayor of the VILLAGE OF WEST HAVERSTRAW and is a resident of the Village of West Haverstraw, County of Rockland, State of New York.

      4. Defendant JOSEPH DENISE (hereinafter "Deputy Mayor"), upon information and belief, is and was at all times relevant herein the duly elected trustee and appointive deputy mayor of the VILLAGE OF WEST HAVERSTRAW and is a resident of the Village of West Haverstraw, County of Rockland, State of New York.

5. Upon information and belief, Defendant is an employer within the meaning of the Fair Labor Standards Act, the Family and Medical Leave Act and the Americans with Disabilities Act.

## JURISDICTION AND VENUE ALLEGATIONS

6. Upon information and belief, this court has jurisdiction over this action under Fair Labor Standards Act of 1938, 29 U.S.C. § 207et seq., as well as the Family and Medical Leave Act and the Americans with Disabilities Act, and under 28 U.S.C. § 1331 and § 1343(4).

## FACTUAL ALLEGATIONS

Overview

7. Plaintiff Barbera was born and raised in West Haverstraw, attended local schools and graduated from Haverstraw High School in 1968.

8. Plaintiff has a long history of public service.

9. For example, Plaintiff joined Volunteer Hose Company #2 of the West Haverstraw Fire Department in 1968, and was the Chief of the fire department between 1982 and 1988. He also served in the U.S. Army.

10. In 1976, Plaintiff went to work for the West Haverstraw Department of Public Works, were he advanced in its ranks, eventually being place in charge of many projects for the Department of Public Works.

11. In 1991, Plaintiff's immediate supervisor, James Mackey, retired as Superintendent of Public Works.

12. George Wargo then became Superintendent of Public Works. Upon information and belief, Superintendent of Public Works is classified as a competitive position in the civil service, for which there is a civil service examination.

13. At this time, in 1991, a foreman's position was created. Plaintiff was appointed to that position.

14. At around the time of Mr. Wargo's retirement, the defendant Deputy Mayor informed Plaintiff that Plaintiff would be appointed to the position of Superintendent of Public Works, and that he would be paid a salary plus all overtime worked.

15. However, after Plaintiff's appointment to Superintendent, Plaintiff was informed that he would be paid a lesser amount.

16. At all times thereafter, Plaintiff was paid bi-weekly based upon an annual "salary" figure. Plaintiff not paid for overtime work performed.

17. Plaintiff objected on numerous occasions to not being paid for overtime work performed.

18. Specifically, the position of Superintendent of Public Works is described by a civil service job description.

19. Upon information and belief, the duties of the job, and the duties which Plaintiff actually performed through the date of this complaint, is work which is not "exempt" within the meaning of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 207 *et seq* ("FLSA").

20. Upon information and belief, as a result Plaintiff was eventually paid overtime by the Village based upon the determination of a 1999 by the United States Department of Labor, and thereafter Plaintiff was paid over time for hours worked by the village until October 2005.

21. Upon information and belief, in October 2005 Dave was called to a meeting with attorney John Edwards, Ms. Cathy Kopf, Trustee Robert LaGrow and village clerk Fred Miller.

22. Upon information and belief, at this meeting, Mr. Miller informed Plaintiff that the Village was pleased with the job Plaintiff was doing with his department. However, Mr. Miller informed Plaintiff that he would no longer be paid overtime by the Village, for overtime worked. Plaintiff would nevertheless be required to work extra hours, as he had before—he simply would not be paid for the extra work.

23. Upon information and belief, there has never been any change in Plaintiff's job description or change in the nature of Plaintiff duties to justify non-payment of overtime work.

24. Upon information and belief, the Defendant Village, and defendant officials, have intentionally denied Plaintiff compensation which he was and is due under federal and New York State law.

25. Thereafter, in December 2005 the Village gave Plaintiff a pay raise.

26. Upon information and belief, with this pay raise the Village sought Plaintiff's waiver of his rights under the FLSA and other applicable law.

27. Thereafter, the defendant Village has continued to deny Plaintiff overtime pay for overtime work.

28. Upon information and belief, as a result of Plaintiff's protestations regarding the Village's refusal to pay him overtime pay owed to him, and its demonstrated intent to refuse Plaintiff overtime pay for overtime worked in the future, the defendant Village, including the individual defendants, embarked on a campaign of harassment and intimidation against Plaintiff.

29. For example, Plaintiff was given harassing or unjustified memoranda, and in October 2005 Plaintiff was not paid for 10 days of vacation time even though other employees in Plaintiff's department were paid their vacation because those employees were told by the defendant Deputy Mayor that they could roll over their vacation time.

30. In the budget year 2007-2008, Plaintiff was, upon information and belief, the only employee in the Village not to receive a pay increase. When Plaintiff inquired to why he did not receive a pay increase, he was informed to inquire of the defendant Deputy Mayor.

31. In the fall of 2007, the Village took the use of a village vehicle away from Plaintiff, even though he required such vehicle in the performance of his official duties, and as instructed by the defendant Mayor.

32. For over thirty years prior to October 2005, Plaintiff took very few sick days from work (perhaps 10 days total).

33. However, after 2005, Plaintiff had the misfortune of suffering from some illness and injury, which then, upon information and belief, provide the Village with a pretext for harassing Plaintiff further.

34. For example, in June of 2007 Plaintiff was involved is a motor vehicle accident and missed a few days work. However, to facilitate recovery, Plaintiff's doctor directed Plaintiff to keep moving and stay active.

35. Thereafter, in October 2007, Plaintiff went in for a medical procedure for an illness, and was instructed not to return to work for three weeks.

36. Thereafter, the Village and the individual defendants, particularly the Deputy Mayor, made unreasonable demands regarding medical documentation.

37. Upon information and belief, concerning Plaintiff's medical absences, and partial absences, the Village treated him as if he were a non-exempt hourly employee, while at the same time considering Plaintiff an "exempt" employee for the purposes of denying him overtime compensation.

38. As one example of this, the Defendants have alleged that Plaintiff committed misconduct because he failed to stay confined to his home during his convalescence from illness and injury, notwithstanding (and without inquiry into) the nature of his injury and illness, the irrationality of such requirement (particularly as to an ostensibly "exempt" employee, and the restraint this imposes upon personal liberty.

39. As another example of harassment, the Defendants sought Plaintiff's attendance at a Village Board meeting even though Plaintiff's presence was not required, and even though Plaintiff was out sick that day.

40. Upon information and belief, as part of its continued retaliation against Plaintiff on impermissible grounds, including Plaintiff's assertion of his federal rights, the Defendants preferred disciplinary against Plaintiff in November 2007, which charges he has denied.

41. Plaintiff is, and continues to be, damaged by Defendants ongoing reprisal for asserting his FLSA rights, and its unlawful discrimination against him for exercising his other federal and State rights.

### FIRST CAUSE OF ACTION --
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938,
### 29 U.S.C. § 207(A)(1)

42. Plaintiff hereby repeats and realleges each allegation contained above.

43. Upon information and belief, Plaintiff is not in an "exempt" job, as defined by the FLSA.

44. During the past three years, Plaintiff has on numerous occasions performed work exceeding 40 hours per week, without being paid for such additional work.

45. Upon information and belief, is entitled to be paid time and one-have for all overtime hours worked.

46. Upon information and belief, Defendants' nonpayment of overtime compensation was intentional, and in knowing and willful violation of the FLSA, as well as the N.Y.S. Labor Law.

47. For its willful violation of the FLSA, Plaintiff is also entitled to liquidated damages in an amount equal to all overtime compensation otherwise due him.

48. Although paid on a salary basis, Plaintiff's non-exempt job functions including working with his men on the streets during, for example, snow emergencies, and when other

conditions or circumstances required road repair. Such work included, for example, operating Village highway vehicles.

49. For asserting his FLSA rights, Plaintiff has been and is experiencing retaliation, harassment and abuse by Defendants.

50. Upon information and belief, plaintiff has not been paid anything for hundreds of hour of overtime which he worked between October 2005 and present.

51. Plaintiff has been damaged thereby.

## SECOND CAUSE OF ACTION --
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")

52. Plaintiff hereby repeats and realleges each allegation contained above.

53. Upon information and belief, the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), as well as the N.Y.S. Civil Service Law, permits an employee to take medical leave for personal medical needs.

54. Upon information and belief, the Defendant Village is an employer covered by the FLMA.

55. Upon information and belief, the Defendant Village violated Plaintiff's rights by seeking to discipline him for asserting medical needs protected by the FMLA.

56. Plaintiff has been damaged thereby.

## THIRD CAUSE OF ACTION --
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AND THE N.Y.S. HUMAN RIGHTS LAW

57. Plaintiff hereby repeats and realleges each allegation contained above.

58. Upon information and belief, Plaintiff is perceived by Defendant as being a person with a disability, defined by federal and New York State law

59. Upon information and belief, Defendants have requested, and obtained, without requisite legal authority, medical information provided from disclosure under the provisions of the Americans with Disabilities Act, including but not limited to Section 102(d)(2) of the ADA.

60. Plaintiff has been damaged thereby.

## FOURTH CAUSE OF ACTION --
## VIOLATION OF THE WAGE AND HOUR PROVISIONS OF THE N.Y.S. LABOR LAW

61. Plaintiff hereby repeats and realleges each allegation contained above.

62. Defendant has failed and refused to pay Plaintiff amounts due Plaintiff, including overtime and vacation time, in violation of the New York State Labor Law.

63. Plaintiff has been damaged thereby.

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

1. An award of plaintiff's actual damages in an amount not less than $ 25,000, for unpaid overtime pay, and $3,000 for lost vacation pay, plus an award of liquidated damages in an amount not less than $25,000, representing double the amount of the unpaid overtime award, for a total of $53,000;

2. An order enjoining Defendant from engaging in the future in the wrongful practices alleged herein, and enjoining Defendants' reprisals;

3. An award of reasonable attorneys' fees and the costs of this action; and

4. Such other and further relief as this Court finds just and proper.

### Jury Demand

Plaintiff requests trial by jury in this action.

Dated: Stony Point, New York
December 14, 2007

Respectfully submitted,

MICHAEL D. DIEDERICH, JR.
*Attorney for Plaintiff*   (MD 2097)
361 Route 210
Stony Point, N.Y. 10980
845-942-0795