UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DAVID M. BARBERA,

                       Plaintiff,

-against-

VILLAGE OF WEST HAVERSTRAW,
MAYOR EDWARD P. ZUGIBE and
DEPUTY MAYOR JOSEPH DENISE,
in their official capacities,

                       Defendants.
_____

07 CIV 11281 (KMK)

**ANSWER**

**Judge Karas**

      Defendants, VILLAGE OF WEST HAVERSTRAW, MAYOR EDWARD P. ZUGIBE and DEPUTY MAYOR JOSEPH DENISE, in their official capacities, by and through their attorneys, Goldberg Segalla LLP, as and for their Answer to Plaintiff's Complaint, allege as follows:

      FIRST:     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph designated as "1," "7," "8," "9," "11," "12," "15," "17," "18" and "21" Plaintiff's Complaint.

      SECOND:     Defendants deny the allegations in the paragraphs designated as "2," "5," "14," "19," "24," "27," "28," "29," "30," "31," "33," "34," "35," "36," "37," "38," "39," "40" and "41" of Plaintiff's Complaint.

      THIRD:     Defendants deny the allegations in the paragraph designated as "6" of Plaintiff's Complaint and refer all questions of law and/or fact to the trial of this matter.

      FOURTH:     Defendants deny in the form alleged the allegations in the paragraphs designated as "10," "16," "20," "22," "23," "25," "26" and "32" of Plaintiff's Complaint.

### AS AND FOR A RESPONSE TO A FIRST CAUSE OF ACTION – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 207(A)(1)

FIFTH: In answer to the paragraph designated as "42" of Plaintiff's Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "FOURTH" of this Answer to Plaintiff's Complaint with the same force and effect as if they were set forth fully and at length herein.

SIXTH: Defendants deny the allegations in the paragraphs designated as "43," "44," "45," "46," "47," "48," "49," "50" and "51" of Plaintiff's Complaint.

### AS AND FOR A RESPONSE TO A SECOND CAUSE OF ACTION – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")

SEVENTH: In answer to the paragraph designated as "52" of Plaintiff's Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "SIXTH" of this Answer to Plaintiff's Complaint with the same force and effect as if they were set forth fully and at length herein.

EIGHTH: Defendants deny in the form alleged the allegations in the paragraph designated as "53" of Plaintiff's Complaint.

NINTH: Defendants deny the allegations in the paragraphs designated as "54," "55" and "56" of Plaintiff's Complaint.

### AS AND FOR A RESPONSE TO A THIRD CAUSE OF ACTION – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AND THE N.Y.S. HUMAN RIGHTS LAW

TENTH: In answer to the paragraph designated as "57" of Plaintiff's Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "NINTH" of this Answer to Plaintiff's Complaint with the same force and effect as if they were set forth fully and at length herein.

ELEVENTH: Defendants deny the allegations in the paragraphs designated as "58," "59" and "60" of Plaintiff's Complaint.

### AS AND FOR A RESPONSE TO A FOURTH CAUSE OF ACTION – VIOLATION OF THE WAGE AND HOUR PROVISIONS OF THE N.Y.S. LABOR LAW

TWELFTH: In answer to the paragraph designated as "61" of Plaintiff's Complaint, defendants repeat, reiterate and reallege each of the responses set forth in paragraphs "FIRST" through "ELEVENTH" of this Answer to Plaintiff's Complaint with the same force and effect as if they were set forth fully and at length herein.

THIRTEENTH: Defendants deny the allegations in the paragraphs designated as "62" and "63" of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action or claim alleged therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the doctrine of collateral estoppel and/or res judicata.

### THIRD AFFIRMATIVE DEFENSE

To the extent that plaintiff's causes of action depend upon vicarious liability and/or *respondeat superior*, they should be dismissed because defendants may not be held vicariously liable and there is no other basis for holding them liable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent they are barred by the applicable statute of limitations and/or doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because defendants are immune from such claims, qualifiedly or otherwise.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent they are barred by the applicable statute of limitations and/or the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because they were not plead with the requisite specificity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or reduced to the extent that he has failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability because they did not violate any clearly established statutory or constitutional rights that a reasonable person would have known.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to file a charge of discrimination within 300 days after any alleged discriminatory employment practice occurred, such that plaintiff's charge is untimely pursuant to the provisions of section 42 U.S.C. § 12117(a) and defendants plead such untimeliness and/or

plaintiff's failure to exhaust administrative remedies as a complete bar to his claim(s) that defendants, or any of them, have somehow violated the Americans with Disabilities Act.

## TWELFTH AFFIRMATIVE DEFENSE

As plaintiff's employer, defendant, Village of Haverstraw, by and through its authorized representatives, had legitimate, independent and non-discriminatory operational and public policy reasons for every employment action taken, and therefore, those actions were not the result of unlawful discrimination or otherwise in violation of any New York or federal statute.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not a "qualified individual with a disability" and cannot be "regarded as" disabled within the meaning of the Americans with Disabilities Act and/or the New York Human Rights Law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based upon the doctrine of accord and satisfaction by virtue of one or more agreements entered into by and between plaintiff and defendant, Town of Haverstraw.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy conditions precedent to the commencement of this action against one or more of the defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for relief or damages under the Fair Labor Standards Act (FLSA) because he is "exempt" from both the minimum wage and overtime provisions set forth therein. More specifically plaintiff has been, and currently is, employed in a "bona fide

executive, administrative, or professional capacity" (*See, e.g.*, 29 U.S.C. 213(a)(the "white collar exemptions"); *see also* DOL Regulations at 29 C.F.R. Section 541, Sub Part A)).

> **NOTE: 2004 regulations also added a requirement that executive employees, to be exempt from the FLSA, must possess the authority to hire or fire employees or to effectively recommend such actions**

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant, Village of Haverstraw may offset any purported liability under the FLSA by considering the amount of premium pay it has paid to plaintiff which exceeded any overtime payment(s) allegedly due under the FLSA (*e.g.*, double-time payments for any hours worked over 48 hours during a work week or for hours worked in excess of eight in a day).

> **[This is commonly known as the "premium offset." Defendant should be entitled to apply such credit(s) regardless of when the premiums were paid and when the overtime work occurred.]**
>
> **NOTE FURTHER: Defendant may be able to utilize section 7(e)(5) of the FLSA for situations where unscheduled overtime hours were worked and paid. Section 7(e)(5), 29 U.S.C. § 207(e)(5) provides that an employee's regular rate of pay shall not include "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked . . . in excess of the employee's normal working hours or regular working hours." See also 29 C.F.R. §§ 778.108-.109, 778.202(c); Opinion Letter October 21, 1999; Field Operations Handbook §§ 32b00 and 32e. Therefore, provided that the employee's normal or regular working hours in this case consist of premium pay for unscheduled hours or hours worked beyond eight hours in a shift, qualifies as an amount under section 7(e)(5) that may be excluded in the calculation of the regular rate. Moreover, section 7(h)(2) of the FLSA, 29 U.S.C. § 207(h)(2) allows such premium payments to be credited toward the overtime compensation due. This means that in a workweek where unscheduled overtime hours were worked, the overtime pay calculation is computed by determining the regular rate, which is found by dividing the total compensation earned in each workweek, excluding the daily overtime premium payments under section 7(e)(5), by the total number of hours worked in that workweek. The employee is then entitled to a premium of one half of the regular rate for hours worked beyond forty in the workweek. Premium payments above time and one-half may also be credited toward any overtime compensation due under section 7(h)(2).**

Section 7(e)(5) allows an employer to exclude premium payments made "because such hours are hours worked in excess of eight in a day . . . ." As explained in 29 C.F.R. § 778.202(a), such extra compensation may be excluded "[i]f the payment of such contract overtime compensation is in fact contingent upon the employee's having worked in excess of 8 hours in a day . . . ." The regulations further emphasize that to qualify under section 7(e)(5), "the daily overtime premium payments must be made for hours in excess of 8 hours per day or the employee's normal or regular working hours," and other plans for dividing the day into a straight time period and an overtime period "will be regarded as a device to contravene the statutory purposes and the premiums will be considered part of the regular rate." 29 C.F.R. § 778.202(c). Therefore, the employer may not utilize section 7(e)(5) to exclude the payments it makes pursuant to the "factored overtime rate." As discussed above, the employer pays the full "adjusted rate" for all hours worked up to 12 in a day, even if the employee works fewer than eight hours. Thus, the employer does not make the factored overtime rate payments "because" an employee works in excess of eight hours in a day.

Payment of a shift bonus or shift differential is not required by the FLSA. Whether a shift differential is paid only for certain work hours or workdays is a matter for consideration by the parties. However, as indicated in 29 C.F.R. § 778.207(b), if a shift differential is paid to an employee, it must be added to the other remuneration used in determining the employee's regular rate of pay.

**WHEREFORE**, the defendants, VILLAGE OF WEST HAVERSTRAW, MAYOR EDWARD P. ZUGIBE and DEPUTY MAYOR JOSEPH DENISE, in their official capacities, demand that the Complaint be dismissed as to it together with the costs, attorneys' fees and disbursements of the within action, and such other, further or different relief which the Court

may deem just and proper under the circumstances.

Dated: White Plains, New York
       February 29, 2008

                                  Respectfully submitted,

                                  _____/S/_____
                                  Kevin Burns, Esq. (KB–9940)
                                  GOLDBERG SEGALLA LLP
                                  **Attorneys for Defendants**
                                  **VILLAGE OF WEST HAVERSTRAW,**
                                  **MAYOR EDWARD P. ZUGIBE and**
                                  **DEPUTY MAYOR JOSEPH DENISE,**
                                  **in their official capacities**
                                  170 Hamilton Avenue, Suite 203
                                  White Plains, New York 10601-1717
                                  (914) 798-5400
                                  GS File No.: 1000.0156

TO:    MICHAEL D. DIEDERICH, JR. (MD-2097)
          **Attorney for Plaintiff**
          361 Route 210
          Stony Point, New York 10980
          (845) 942-0795

102635.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 29, 2008, I electronically filed the foregoing **ANSWER** with the Clerk of the Southern District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

MICHAEL D. DIEDERICH, JR. (MD-2097)
**Attorney for Plaintiff**
361 Route 210
Stony Point, New York 10980
(845) 942-0795


_____/S/_____
Kevin Burns, Esq. (KB-9940)

102635.1